**Cedric REID Plaintiff–Appellant,**

**v.**

**Jennifer SCHUMAN Defendants–Appellees,**

No. 03–0031.

United States Court of Appeals, Second Circuit.

Dec. 12, 2003.

Cedric Reid, Elmhurst, NY, for Appellant, pro se.

Michael S. Morgan, Assistant District Attorney as Special Corporation Counsel, New York, New York, for Appellee.

Present: WALKER, Chief Judge, CARDAMONE and MCLAUGHLIN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff-appellant Cedric Reid, *pro se,* appeals from an order of the United States District Court for the Southern District of New York (Hellerstein, *J.*), dismissing his 42 U.S.C. § 1983 claim pursuant to Fed. R. Civ. Pro. 12(b)(6).

Reid alleges that his pre-trial incarceration in a number of facilities that permitted cigarette smoking exacerbated a pre-existing respiratory condition and therefore violated his First, Fifth, and Fourteenth Amendment rights. The complaint named as defendants various employees of the Department of Corrections ("DOCs") and Jennifer Schuman, the Assistant District Attorney assigned to prosecute Reid's case in state court. Specifically, Reid alleges that Schuman failed to prevent or remedy his detention in a smoking facility, despite receiving two letters from Reid that explained his medical condition and the harm caused by exposure to smoke. Reid settled with DOCs defendants; only his claims against Schuman are before this court.

The district court granted Schuman's motion to dismiss, and held that the challenged actions were taken in Schuman's role as prosecutor and that therefore she is immune from suit for damages pursuant to the doctrine of absolute prosecutorial immunity. It further held that Reid was barred from bringing a suit for damages against Schuman in her official capacity under the Eleventh Amendment and dismissed the claims for equitable relief because Schuman had no control over Reid's jail conditions.

■ The Eleventh Amendment bars an action for damages against a state in federal court, and this bar extends to suits brought against state officials in their official capacity. *Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). We have held that when a District Attorney is prosecuting a criminal matter, she represents the State, not the municipality. *Ying Jing Gan v. The City of New York,* 996 F.2d 522, 536 (2d Cir. 1993) (citations omitted). Therefore, insofar as Reid seeks damages against Schuman in her official capacity, his action constitutes an impermissible suit against the State and the district court correctly dismissed the complaint.

■ The Eleventh Amendment does not bar all suits seeking injunctive or declaratory relief against State officials in their official capacity. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 102, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). "When a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief." *Id.* (citations omitted). However, even assuming that we would permit Reid to maintain an action for equitable relief against Schuman in her official capacity, he failed to allege that Schuman participated directly in establishing or maintaining the conditions in which he was incarcerated. We have never held that a prosecutor is responsible for pre-trial conditions of confinement.

Reid also argues that there was a "special relationship" between himself and Schuman that required Schuman to take actions to rectify the prison conditions. The "special relationship" language comes from an exception to the general rule that the due process clause does not require the State to protect against injury by private actors. *See DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 195–97, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). The State may be held liable for failing to protect against private injury if there is a "special relationship" between the State and the victim or if the State created or increased the danger. *See Ying Jing Gan,* 996 F.2d at 533. The special relationship exception is inapplicable here because Reid does not allege a violation of his constitutional rights by a private individual. Because Reid points to no actions by Schuman that could have effected the conditions of his pre-trial confinement, and, because Schuman in fact had no such duties, the district court properly dismissed the claims against Schuman in her official capacity.

■ State officials may be sued in their individual capacity for damages under § 1983. *Hafer v. Melo,* 502 U.S. 21, 22, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). However, prosecutors receive absolute immunity from suit for decisions involving whether to bring charges and performance of litigation-related duties. *See Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Ying Jing Gan,* 996 F.2d at 530. Reid challenges Schuman's actions, or, more precisely, her failure to act in her capacity as an Assistant District Attorney prosecuting a case. Actions related to Reid's pre-trial confinement are plainly part of the initiation and presentation of the State's case. In a similar context, this Court has held that actions in connection with bail proceedings, which implicate pre-trial confinement, are included in the scope of initiating and presenting a case and are therefore protected by absolute immunity. *Pinaud v. County of Suffolk,* 52 F.3d 1139, 1149 (2d Cir. 1995). Schuman is therefore entitled to absolute immunity from suit in her individual capacity and the district court correctly dismissed this claim.

We have heard appellant's additional arguments and find them to be without merit.

For the reasons set forth, we AFFIRM the order of the District Court.